**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN MATTHEW LEATHERBURY,<br><br>Defendant. | Crim. No. 22-00654 (GC)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Defendant Brian Matthew Leatherbury's Motion for Early Termination of Supervised Release. (ECF No. 21.) The Court has carefully reviewed Mr. Leatherbury's submission and decides the matter without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Mr. Leatherbury's Motion is **DENIED**.

## I. BACKGROUND

On February 26, 2009, Mr. Leatherbury was charged with a three-count Indictment that alleged he committed robbery with the use of a firearm in the District Court for the Eastern District of Pennsylvania. (ECF No. 2-1.) On September 7, 2010, Mr. Leatherbury pled guilty in the Eastern District of Pennsylvania to one count of conspiracy to interfere with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a), one count of interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951, and one count of carrying and using a firearm during

a crime of violence in violation of 18 U.S.C. § 924(c). (ECF No. 2-2 at 1.)[1] The Honorable Cynthia M. Rufe, U.S.D.J., subsequently sentenced Mr. Leatherbury to a term of imprisonment of 132 months, to be followed by five years of supervised release. (ECF No. 2-2.) Judge Rufe also imposed various conditions of supervised release, including financial disclosures, new debt restrictions, association restrictions, alcohol treatment, drug treatment, substance abuse testing, mental health treatment, a special assessment, and a fine of $1,500. (*Id.*)

Mr. Leatherbury was released from prison and began serving his term of supervised release on May 25, 2022. (ECF No. 1.) On September 30, 2022, the jurisdiction of Mr. Leatherbury's supervised release was transferred from the Eastern District of Pennsylvania to this Court.[2] (*Id.*) Mr. Leatherbury's term of supervision is set to expire on May 24, 2027. (*Id.*) On September 16, 2026, the Court received Mr. Leatherbury's single-page letter motion requesting the early termination of his supervised release. (ECF No. 21.)

## II. LEGAL STANDARD

By statute, a court may terminate a term of supervised release prior to its expiration at any time after the expiration of one year of supervised release. 18 U.S.C. § 3583(e)(1). When evaluating motions for early termination, courts begin by considering the following subset of the statutory sentencing factors:[3]

---

[1] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[2] This matter was reassigned to the Undersigned on the same date. (ECF No. 1.)

[3] Two statutory sentencing factors, 18 U.S.C. §§ 3553(a)(2)(A), (a)(3), are excluded from this analysis: the seriousness of the offense and the adequacy of the defendant's punishment. 18 U.S.C. § 3583(e)(1). This omission aligns with probation's primary purpose, which is "to facilitate the integration of offenders back into the community rather than to punish them." *United States v. Sheppard*, 17 F.4th 449, 454 (3d Cir. 2021) (citations omitted).

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed— . . .
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> . . .
>
> (4) the kinds of sentence and the sentencing range established for— . . . [the particular defendant and particular conviction or violation];
>
> (5) any pertinent policy statement— . . . [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

"District courts are not required to make specific findings of fact with respect to each of these factors," but such relief should be granted "only if [the Court] is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *United States v. Melvin*, 978 F.3d 49, 52-53 (3d Cir. 2020) (citing 18 U.S.C. § 3583(e)(1)). It is the defendant's burden to show that they qualify for early termination. *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989).

The Court's decision as to whether to terminate supervised release early is discretionary after examination of the record as whole and consideration of the relevant statutory factors. *Melvin*, 978 F.3d at 52 ("The expansive phrases 'conduct of the defendant' and 'interest of justice'

make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." (citation omitted)). In exercising its discretion, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Id.* at 53. Although such factors are not required, "if a sentence was 'sufficient, but not greater than necessary' when first pronounced," a reviewing court would generally "expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.*

## III. DISCUSSION

Mr. Leatherbury submits that he has completed approximately three years of his five-year term of supervised release and writes that he has "worked hard to comply with all conditions imposed by the Court." (ECF No. 21.) Mr. Leatherbury identifies the following factors as supporting early termination: (1) his compliance with the conditions of his supervised release; (2) his sobriety; (3) completion of treatment conditions; (4) steady employment; (5) stable life (including his "career, start[ing] a family, and purchas[ing] a home"); and (6) his continued commitment to rehabilitation. (*Id.*)

While the Court applauds Mr. Leatherbury's progress, early termination of his supervised release is not warranted at this time. It appears Mr. Leatherbury has been forthcoming about his mental health struggles, has acknowledged the connection between his mental health struggles and his marijuana use, and most recently, has embraced the idea of trying anti-depressant/anxiety medication to address his mental health concerns, as opposed to self-medication with marijuana. (Report & Order from Probation Office, ECF No. 19 at 2 (writing on April 29, 2026, that "Mr. Leatherbury has always been honest with [his probation] officer about his use of marijuana and his struggles with his mental health. He was able to express to [his probation] officer for the first

time that he knows he has a real mental health problem and is willing to do what he must in order to address that problem to better himself and his future.”).) However, he has at times failed to comply with the conditions of his mandatory supervision, namely conditions related to his sobriety and payment of the special assessment and $1,500 fine. As to failure to comply with the sobriety condition, there were thirteen instances from the period of November 2022 through January 2026 where Mr. Leatherbury violated his conditions by testing positive for amphetamines, heroin, and fentanyl, (Report & Order from Probation Office, ECF Nos. 4-8, 11-12, 14-19), which at one point resulted in the imposition of a curfew modification to Mr. Leatherbury’s supervised release, (Report & Order from Probation Office, ECF No. 9 (condition imposed on October 16, 2023)). The Court also notes one instance in November 2024 where Mr. Leatherbury had not kept up with timely payments of his fine. (Report & Order from Probation Office, ECF No. 13.) However, Mr. Leatherbury was actively seeking employment, and no further instances of untimely payment have been brought to the Court’s attention. (*Id.*)

Based on the § 3553(a) factors, the Court finds that early termination of supervised release is neither warranted nor in the interest of justice. Again, while the Court commends Mr. Leatherbury’s commitment to compliance with the conditions of his supervised release, compliance is exactly what is expected of him. Courts have routinely found that compliance with the terms of supervised release is not enough to succeed on a motion for early termination of supervised release. *See United States v. Desu*, Cr. No. 18-613, 2024 WL 3878748, at *3 (D.N.J. Aug. 20, 2024) (“[C]ompliance with the terms of supervised release is what is expected of probationers, and without more, cannot justify early termination.” (citing *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003)); *United States v. Amato*, Cr. No. 18-561, 2024 WL 3850384, at *3 (D.N.J. Aug. 16, 2024) (same); *United States v. Rosendary*, Cr. No. 22-00742, 2024

WL 619574, at *3 (D.N.J. Feb. 14, 2024) ("[The defendant's] compliance with the terms of supervision is expected and not enough to justify early termination."); *United States v. Jaime*, Cr. No. 05-34, 2013 WL 4434909, at *1 (W.D. Pa. Aug. 16, 2013) ("[I]t is axiomatic that 'full compliance with all of the conditions of supervised release does not warrant early termination.'") (citation omitted).

Further, Mr. Leatherbury does not advance any other justification upon which early termination is warranted. *See United States v. Elston*, Cr. No. 09-00091, 2023 WL 6447257, at *2 (E.D. Pa. Oct. 3, 2023) (denying motion for early termination of supervised release, reasoning that the defendant had not alleged "that his continued supervision [was] in any way impeding his ability to obtain employment, travel, or live his life"). There is no indication that the conditions of Mr. Leatherbury's supervised release are preventing him from earning a living. To the contrary, Mr. Leatherbury asserts in his Motion that he has continued "living a productive" life, including "steady employment." (ECF No. 21.) Nor does the fact that Mr. Leatherbury has started a family, (*id.*), weigh in favor of granting early termination. *See United States v. Soto*, Cr. No. 20-585, 2020 WL 7090679, at *2 (D.N.J. Dec. 4, 2020) ("As for his marriage and fatherhood, the [c]ourt does not view such events as either weighing in favor or against [the d]efendant's motion [for early termination of supervised release.]").

Accordingly, in light of the Court's consideration of the § 3553(a) factors, the Court declines to exercise its discretion to terminate Mr. Leatherbury's supervised release at this time. *See Melvin*, 978 F.3d at 53. The Court is satisfied that Mr. Leatherbury's sentence is "sufficient but not greater than necessary to achieve the sentencing goals outlined in § 3553(a)." *United States v. Ferriero*, Cr. No. 13-0592, 2020 WL 6701469, at *3 (D.N.J. Nov. 13, 2020).

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, Mr. Leatherbury's Motion for Early Termination of Supervised Release (ECF No. 21) is **DENIED**. An appropriate Order follows.

Dated: October 2, 2026

Georgette Castner

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE